IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**MICHAEL LORUSSO,**

    **Petitioner,**

v.                                                 **Case No. 1:25cv163-AW/MAF**

**SECRETARY, Florida Department
of Children and Families,[1]**

    **Respondent.**

_____/

## ORDER and
## REPORT AND RECOMMENDATION

On or about May 29, 2025, Petitioner Michael LoRusso, a state pre-trial detainee at the North Florida Evaluation and Treatment Center in Gainesville, Florida, filed a pro se hand-written petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. By order on June 17, 2025, this Court directed him to submit his petition on the proper form and also either pay the $5.00 filing fee or file a motion for leave to proceed in forma pauperis (IFP). ECF No. 3. On or about July 8, 2025, Petitioner LoRusso submitted a § 2241 petition on the proper form. ECF No. 4. He also submitted an IFP motion, ECF No. 5, which is granted.

---

[1] A writ of habeas corpus should be directed to "the person having custody of the person detained." 28 U.S.C. § 2243. As in at least two other pending habeas cases involving Petitioner LoRusso in this Court, the Clerk shall substitute the Secretary of the Florida Department of Children and Families as the sole Respondent in this case. *See* LoRusso v. Sec'y, Fla. Dep't of Children & Families, No. 1:25cv105-TKW/MAF; LoRusso v. Sec'y, Fla. Dep't of Children & Families, No. 1:25cv108-MCR/MAF; Fed. R. Civ. P. 17(d); Fed. R. Civ. P. 25; Rule 2(a), R. Gov. § 2254 Cases.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show the petition should be dismissed as duplicative.  *See* Rule 4, R. Gov. § 2254 Cases.

## Background

In this § 2241 petition, LoRusso presents six grounds:

(1) **Violation of Alien and Enemies Act**:  He asserts "Respondent [(the original Respondent that Petitioner named, Kristi Noem)] has rounded up thousands of innocent people on orders of a convicted felon in violation of entitled due process and "Petitioner is being denied entitled due process too."  ECF No. 4 at 3.

(2) **Lack of Evidence**:  He asserts that "Respondent has produced no evidence in that deportation of Klimian Conveia and to produce no evidence of Petitioner's probable cause of Petitioner's probable cause or the arrest warrant."  *Id*.

(3) **Denial of Entitled Due Process**:  He references his pending § 2254 case in the Middle District of Florida, Case No. 8:22cv2258-MSS/TGW.  *Id*. at 4.

(4) **Defending the Rule of Law**:  He asserts, "Constitutional Rights and Supreme Court's ruling in the law of the land that Respondent has a long list of patterns to violate the Constitution for her support of a 34 time convicted felon."  *Id*.

(5) **Violation of Vitek v. Jones**:  He asserts "[t]hat without due process is not how we do things in the United States" and "Petitioner is

under a mental health commitment without entitled due process as outlined in <u>Vitek v. Jones</u> (1980) after being granted in a <u>Faretta</u> hearing violation of the Sixth Amendment." *Id.* at 5.

(6) **Violation of <u>Franks</u> Hearing**:  He asserts that "the police all under Respondent lied to Circuit Court Judge Phillippe Matthey to sign a arrest warrant while Petitioner was in prison." *Id*.

He has left blank the section of the petition form in which he was to indicate the relief requested.  *Id.* at 6.

## Analysis

Petitioner's assertions in this case are the same or substantially similar to those has raised in other habeas cases he has pending in this Court.  *See, e.g.*, <u>LoRusso v. Sec'y, Fla. Dep't of Children & Families</u>, No. 1:25cv105-TKW/MAF; <u>LoRusso v. Sec'y, Fla. Dep't of Children & Families</u>, No. 1:25cv108-MCR/MAF.  Moreover, he also raised the same or similar allegations in habeas cases already dismissed by this Court as frivolous, *see* <u>LoRusso v. Gualtieri</u>, No. 1:25cv110-AW/HTC, and <u>LoRusso v. Matthey</u>, 4:25cv220-MCR/HTC; and duplicative, *see* <u>LoRusso v. State of Florida</u>, No. 1:25cv160-AW/ZCB; <u>LoRusso v. State Att'y Office</u>, 1:25cv111-MW/ZCB.

Because this habeas case is duplicative, it should be dismissed without prejudice.  *See* <u>I.A. Durbin, Inc. v. Jefferson Nat'l Bank</u>, 793 F.2d 1541, 1551 (11th Cir. 1986) (explaining "the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions" and federal trial courts have broad discretion to

dismiss duplicative litigation to avoid wasting judicial resources); Martin v. Sec'y, Dep't of Corr., No. 24-10677, 2024 WL 2853188, at *1 (11th Cir. June 5, 2024) (citing I.A. Durbin, Inc., and applying same principle to duplicative habeas appeal); Cordovano v. Warden, Pinellas County Jail, No. 2:24cv595-SPC/NPM, 2024 WL 3305536, at *1 (M.D. Fla. June 27, 2024) (Opinion and Order of district judge dismissing without prejudice § 2241 petition filed by pretrial detainee, citing I.A. Durbin, Inc., and explaining, in pertinent part, "[T]he petition is duplicative of Cordovano's prior habeas actions. If a detainee disagrees with dismissal of his habeas petition, he should seek a certificate of appealability from the court of appeals. He cannot keep re-filing the petition in the hopes of different judge will give him a different result."); Hall v. Harris, No. 2:23cv301-SPC/NPM, 2024 WL 2853766, at *1 (M.D. Fla. May 1, 2024) (Opinion and Order of district judge dismissing without prejudice duplicative § 2241 petition, citing I.A. Durbin, Inc., and explaining, "The dismissal is without prejudice, but depending on the outcome of Hall's prior habeas case, a future habeas petition might be barred as successive.").

Indeed, as the undersigned has noted in another case brought by Petitioner LoRusso,[2] he has filed several habeas cases in this Court[3] that

---

[2] ECF No. 16 (Report and Recommendation) in LoRusso v. Sec'y, Fla. Dep't of Children & Families, No. 1:25cv105-TKW/MAF.

[3] The undersigned is assigned to other habeas cases initiated by Petitioner LoRusso: LoRusso v. Bartlett, 4:25cv221-TKW/MAF; LoRusso v. Bautlett, 1:25cv147-MCR/MAF; LoRusso v. State

appear to arise out of the same pending state court proceeding; if so, upon review by the Court, these other cases should all have the same Respondent and are subject to dismissal as duplicative.[4]

## Conclusion

This case is duplicative and should be dismissed without prejudice.

## ORDER

1. The Clerk of Court shall substitute the Secretary, Florida Department of Children and Families, as the sole Respondent in this case.

2. Petitioner's IFP motion (ECF No. 5) is **GRANTED**.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the § 2241 petition for writ of habeas corpus (ECF No. 4) be **DISMISSED without prejudice as duplicative**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on August 22, 2025.

S/ Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

---

of Fla., 1:25cv148-MW/MAF; LoRusso v. Noem, 1:25cv163-AW/MAF; LoRusso v. Harris, 1:25cv170-TKW/MAF; LoRusso v. State of Fla., 1:25cv197-TKW/MAF; and LoRusso v. Matthey, 1:25cv198-AW/MAF.

[4] The Court's CM/ECF system reveals at least 25 habeas cases brought by Petitioner LoRusso, many of which have already been dismissed as duplicative and/or frivolous. *See, e.g.*, LoRusso v. Gualtieai, 1:25cv109-TKW/HTC; LoRusso v. Gualtieri, 1:25cv110-AW/HTC; LoRusso v. State Atty's Office, 1:25cv111-MW/ZCB; LoRusso v. State of Fla., 1:25cv159-TKW/HTC; LoRusso v. State of Fla., 1:25cv160-AW/ZCB; LoRusso v. Matthey, 4:25cv220-MCR/HTC.

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.